# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JUDY CASTEEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:19-CV-03052-DGK-SSA |
| ANDREW SAUL,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Judy Casteel's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had numerous severe physical impairments as well as severe mental disorders variously diagnosed as major depressive disorder, anxiety disorder, personality disorder, and post-traumatic stress disorder, but she retained the residual function capacity ("RFC") to work as a swatch clerk, packing header, and housekeeping cleaner.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff initially filed an application for disability insurance benefits on April 22, 2016, alleging a disability onset date of December 23, 2014. The Commissioner denied the application

at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and on June 14, 2018, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on December 13, 2018, leaving the ALJ's decision as the Commissioner's final decision.

Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Four in failing to properly account for all of her severe mental impairments in assessing her RFC.

**I.     The ALJ' properly accounted for Plaintiff's mental impairments.**

Plaintiff argues the ALJ erred by discounting the opinion of Dr. Paul Glynn, D.O., and thus the ALJ failed to fully consider her mental impairments in formulating her RFC. Pl's Br. at 7-9. Plaintiff also contends the Court must remand this case because the ALJ did not base the RFC determination on some medical evidence.

These argument are unavailing. The record shows that Dr. Glynn was Plaintiff's primary care physician during the relevant period who frequently provided medication refills. There is no evidence, however, that Plaintiff relied on Dr. Glynn for mental-health treatment. (In fact, Plaintiff appears to have received mental-health counseling from Ozarks Counseling Center, where she was treated by multiple providers, none of whom submitted medical opinions in this case. R. at 343-71.) Although Dr. Glynn lacked a treating relationship with Plaintiff on mental health issues, he nonetheless completed a mental opinion statement in the form of a checklist in April 2016, shortly after she filed for benefits. In it, Dr. Glynn made some fairly dramatic pronouncements, including

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

that Plaintiff would be off-task more than 25% of times she attended work, and that she faced "marked" or "extreme" limitations in twelve of twenty categories.

Eighth Circuit caselaw is clear that such forms are of limited value in assessing a claimant's RFC, particularly where the form cites no medical evidence and does not provide any explanation for the medical provider's conclusions. *See Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014); *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). That is the case here; the form Dr. Glynn filled out asked him to choose one of five explanatory bases for his conclusions, and Dr. Glynn did not even provide that level of explanation. R. at 284. It also appears that Dr. Glynn based his opinion on Plaintiff's self-reported symptoms, despite the fact that, as the ALJ noted, the level of symptoms she claimed was contradicted by her daily activities and generally unremarkable mental-status examination findings. R. at 20, 32, 34, 49-50, 220-21, 227. Consequently, the ALJ did not err in giving little weight to Dr. Glynn's opinions concerning Plaintiff's mental impairments.

Plaintiff's claim that the ALJ's decision is not based on "some medical evidence" is also without merit. RFC is defined as the most a claimant can still do despite his physical or mental limitations. *See* 20 C.F.R. § 404.1545(a)(1). It is ultimately an administrative determination reserved to the Commissioner, not a medical professional. *See id.* § 404.1527(d) (Commissioner uses medical sources to "provide evidence" regarding several factors, including RFC, but the "final responsibility for deciding these issues is reserved to the Commissioner"); *Cox v. Astrue*, 495 F.3d 614, 619–20 (8th Cir. 2007).

In formulating a claimant's RFC, the ALJ should consider all relevant evidence, including medical records, observations from treating physicians, and the claimant's subjective statements about her limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). The RFC determination does not have to rely on a particular physician's opinion. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not required to rely entirely on a particular physician's

4

opinion or choose between the opinions [of] any of the claimant's physicians."); *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (noting the RFC is based on "all relevant evidence"). Although an ALJ must rely upon "some medical evidence" to formulate a claimant's RFC, the phrase "some medical evidence" is not limited to a medical opinion. *See Anderson v. Shalala*, 51 F.3d 777, 779–80 (8th Cir. 1995); *see also Fields v. Astrue*, No. 2:11-CV-35-FRB, 2012 WL 6705863, at *13 (E.D. Mo. Dec. 26, 2012). In fact, an ALJ's RFC assessment can be supported by substantial evidence even when there is no supporting medical opinion. *See Stallings v. Colvin*, No. 6:14-CV-03273-MDH, 2015 WL 1781407, at *3 (W.D. Mo. Apr. 20, 2015) ("Eighth Circuit case law reveals that an ALJ can appropriately determine a claimant's RFC without a specific medical opinion so long as there is sufficient medical evidence in the record.").

In this case there is some medical evidence in the record supporting the ALJ's findings, namely, the report of state agency consultant Dr. Paul Midden, Ph.D., who opined that Plaintiff had moderate mental limitations and retained the capacity to engage in at least simple work with limited social interaction. R. at 97-98, 104-06. The ALJ found Dr. Midden's opinion was "well-supported by the mental status examination findings" in the record, and "consistent with [Plaintiff's] course of treatment, which includes anti-depressant medication but no inpatient emergency or partially hospitalized care." R. at 20. These observations are supported by the record. Consequently, there is no error or basis for remand.

**Conclusion**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 17, 2020  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT